UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

The Ballard Group, Inc. et al.,

    Plaintiffs,

    v.                                                Case No. 1:05cv547

DNP International, Inc.,                     Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the Court upon Defendant DNP International, Inc.'s ('DNP") Motion to Dismiss and for Judgment on the Pleadings. (Doc. 13) Plaintiffs The Ballard Group, Inc. ("Ballard") and Bill Barr & Co., Inc. ("Barr") have filed a Memorandum in Opposition (Doc. 17), and Ballard filed a Reply (Doc. 18). This matter is now ripe for review. Plaintiffs have requested oral argument on this matter, but the Court finds that oral argument is unnecessary.

Plaintiffs bring two claims against DNP: (1) breach of contract; and (2) promissory estoppel/equitable remedies. (Doc. 1) Plaintiffs' claims are based on the sales contract attached to the Complaint. Plaintiffs allege that under the contract, DNP "agreed that it would furnish and sell directly to Ballard and/or to any one of Ballard's designated customers," twenty-four thousand kilograms of a chemical food additive product known as "Glucosamine Hcl" ("GHcl"). (Doc. 1, ¶ 5) Plaintiffs allege that DNP breached the contract by only delivering 4,000 kilograms of GHcl. (Id., ¶ 8)

DNP brings its motion pursuant to Federal Rule of Civil Procedure 12 (b)(1) and 12

(c).

The Sixth Circuit has distinguished between facial and factual attacks among motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 592 (S.D.Ohio 2002). A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990). In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. *Id.* On the other hand, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Here, DNP is bringing a factual attack, and no presumption of truth applies.

DNP argues that the breach of contract claim brought by Barr should be dismissed for lack of standing. DNP argues that Barr lacks standing to assert a breach of contract claim because it is not a party to the contract. In the alternative, DNP argues that to the extent that Plaintiffs have alleged sufficient facts to establish that Ballard has transferred its rights under the contract to Barr, Ballard's contract claim should be dismissed.

Plaintiffs argue that Barr has standing to sue because it is a third-party beneficiary, or Barr is assignee to some, but not all, of Ballard's rights under the contract.

The parties appear to agree that Ohio law applies to this issue. Under Ohio law, only intended third-party beneficiaries can bring a claim for breach of contract. *See Resource Title Agency, Inc. v. Morreale Real Estate Services, Inc.*, 314 F.Supp.2d 763, 770 (N.D.Ohio 2004) (explaining that a contract is binding only upon parties to a contract

and those in privity with them, and therefore an action for breach of contract can only be maintained by the parties to the contract or those deriving rights from the contracting parties, such as an intended third-party beneficiary). To determine if a non-signatory to a contract may enforce certain promises contained in the agreement, courts must determine if the non-party was an intended beneficiary using the "intent to benefit" test found in *Hill v. Sonitrol*, 521 N.E.2d 780 (Ohio 1988) *citing Norfolk & Western Co. v. United States*, 641 F.2d 1201, 1208 (6th Cir. 1980). "Under the 'intent to benefit' test if the promisee . . . intends that a third party should benefit from the contract, then that third party is an 'intended beneficiary' who has enforceable rights under the contract. If the promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an 'incidental beneficiary,' who has no enforceable rights under the contract. . . . [T]he mere conferring of some benefit on the supposed beneficiary by the performance of a particular promise in a contract [is] insufficient; rather, the performance of that promise must also satisfy a duty owed by the promisee to the beneficiary." *Id.* Here there is no evidence that DNP had an intent to benefit Barr. On this basis, Barr's claim against DNP must be dismissed.

Plaintiffs have also failed to demonstrate that there was an assignment of rights from Ballard to Barr. As DNP points out, any enforceable assignment between Ballard and Barr would necessarily have to be in writing because the goods at issue are valued at more than $500. *See* Ohio Rev. Code § 1302.04.

In addition, Barr cannot maintain a claim for promissory estoppel. The Sixth Circuit has recently predicted that Ohio courts would permit an intended third-party beneficiary to bring a claim for promissory estoppel. *Green v. Jackson Nat. Life Ins. Co.*, 2006 WL

2373289, *9 (6th Cir. Aug. 16, 2006) (unpublished).  However, because Barr is not an intended third-party beneficiary, it cannot bring such a claim.

The Court finds it unnecessary to reach Plaintiffs' arguments that under Federal Rules of Civil Procedure 19 and 20 both Ballard and Barr are necessary parties.  Any liability which Ballard may have to Barr has no bearing on whether or not Barr has standing to assert a claim under the contract.

Based on the foregoing, Defendant DNP International, Inc.'s ('DNP") Motion to Dismiss and for Judgment on the Pleadings (Doc. 13) is hereby **GRANTED**.  Accordingly, Plaintiff Barr's claims against Defendant DNP are hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                                 */s/ Michael R. Barrett*
                                              Michael R. Barrett, Judge
                                              United States District Court